# In the United States Court of Federal Claims

No. 24-874
Filed: June 20, 2024

| |
|---|
| **LISA-MICHELLE:HILL,** |
| *Plaintiff*, |
| v. |
| **THE UNITED STATES,** |
| *Defendant.* |

## ORDER

     Pro se Plaintiff "Lisa-Michelle:Hill" ("Hill") seeks $100,000 relating to actions by the "Caddo Parish Clerk of Court."[1] (Compl., ECF No. 1). Plaintiff also alleges that she earned an "associate of business administration" from "Virginia College" but the school refused to send her a diploma. (*Id.*). Ms. Hill seeks to proceed *in forma pauperis* ("IFP application"). (ECF No. 2). The Court grants Ms. Hill's IFP application but dismisses her Complaint for lack of subject-matter jurisdiction.

     Determining whether a court has subject-matter jurisdiction is a threshold issue in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act establishes this Court with jurisdiction over claims (1) founded on express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Even though pro se pleadings are read more liberally than those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se plaintiffs are still required to meet their jurisdictional burden, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The Court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. RCFC 12(h)(3) ("If the court

---

[1] Neither Ms. Hill's Complaint nor IFP application are "signed" as required by RCFC 11. Both, however, contain her computerized name, albeit with some indicia associated with sovereign citizens. *See Sovereign Citizen Violent Extremism*, FBI Domestic Terrorism Reference Guide, https://info.publicintelligence.net/FBI-SovereignCitizenViolentExtremismGuide.pdf (listing the use of "signatures that are distinguished by odd colons, dashes, brackets" as an indicator of sovereign citizen ideology) (last visited June 18, 2024). Given the lack of subject-matter jurisdiction of her claims, and in the interest of judicial economy, the Court construes Ms. Hill's computer-generated name as a signature for the purposes of the RCFC.

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, the Court lacks jurisdiction.

First, Ms. Hill names "Louisiana state" as a defendant, rather than the United States. (Compl. at 1). Further, the substance of her claims is against Caddo Parish Clerk of Court and Virginia College, not the United States. (Compl. at 4–5). It is well-established that the United States is the only proper defendant in this Court. RCFC 10(a); *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Ms. Hill's claims do not implicate the United States. (Compl. at 4–5). Given that, the Court "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees," nor does it possess jurisdiction over suits against private parties, dismissal is required. *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citing *Sherwood*, 312 U.S. at 588).

Ms. Hill further alleges that she has been unlawfully detained, harassed, and deprived of her property. (Compl. at 4). The Court interprets these claims to allege tortious acts of false imprisonment, theft, assault, and battery. *See Haines*, 404 U.S. at 520–21. The Court does not possess subject-matter jurisdiction to review tort claims. U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Corker v. United States*, No. 23-1305, 2023 WL 5276315, at *2 (Fed. Cl. Aug. 16, 2023) (finding no jurisdiction over assault, battery, and false imprisonment because tortious acts); *Aljindi v. United States*, No. 2022-1117, 2022 WL 1464476, *2 (Fed. Cir. May 10, 2022) (upholding lack of jurisdiction of tortious theft claims).

Accordingly, Ms. Hill's motion for leave to proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**. However, the Complaint, (ECF No. 1), is **DISSMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk's Office is **DIRECTED** to enter judgment accordingly.

The Clerk also is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Ms. Hill is not enjoined from proper post-dismissal filings in this case, nor is she required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge